1  **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9

10  United States of America,          )     CR-03-1167-PHX-DGC
                                       )
11            Plaintiff,               )     **ORDER**
                                       )
12  v.                                 )
                                       )
13  Kevin J. Augustiniak (11), et al.  )
                                       )
14            Defendants.              )
                                       )
15  _____   )

16

17          Defendant Kevin Augustiniak is charged in the second superceding indictment with

18  RICO and RICO conspiracy and with committing Violent Crimes in Aid of Racketeering,

19  namely, the kidnapping and murder of Cynthia Garcia.  Doc. #541.  Charges have been

20  pending against Defendant Augustiniak in this case since November 18, 2003.  *See* Doc. #1.

21  His attorney, Patricia Gitre, has been particularly active in addressing a large number of

22  discovery issues between Defendants and the Government.

23          The Government has sought protective orders under Rule 16(d)(1) of the Federal

24  Rules of Criminal Procedure with respect to more than 2,000 pages of material.  The Court

25  has granted the protective orders and set deadlines for disclosure of the information on

26  February 24 and March 10, 2006.  *See* Docs. ##844, 1012, 1078, 1280.  The Court set these

27  disclosure dates to ensure that Defendants would have sufficient time to prepare for the

28  April 25, 2006 trial.  *See* Doc. #1012 ¶ 9.

Significant developments have occurred in this case over the past three weeks. Seven Defendants have entered into plea agreements with the Government. On February 24, 2006, the first disclosure date for protected information, the Government filed a motion to dismiss all counts against Defendants Augustiniak, Smith, Kelly, Watkins, and Rienstra without prejudice. Doc. #1276. The Court granted the motion with respect to Defendant Smith after being informed by his attorney that Smith did not oppose the motion. *See* Doc. #1282. Because the rest of the Defendants opposed the motion, the Court required briefing and scheduled a hearing for February 28, 2006. *Id.* In response, the Government sought to dismiss the charges against all of the remaining Defendants with prejudice. Doc. #1279; *see* Docs. ##1281 at 7-8, 1292 at 2. Defendants Kelly, Watkins, and Rienstra agreed, and the Court entered an order dismissing the charges against them with prejudice. Doc. #1282.

Defendant Augustiniak is in a different position. When the Government filed its motion to dismiss counts against him without prejudice, it informed Augustiniak that he had been indicted in Arizona state court for the first degree murder of Cynthia Garcia. Although counsel for Augustiniak would be happy to see the federal charges against him dismissed with prejudice, she opposes the dismissal if it means Augustiniak will not receive the disclosures that would have been made on February 24 and March 10, 2006. *See* Doc. #1299 at 1-2 n.1. Counsel argues that the disclosures are essential to Augustiniak's defense, that they might not be available in state court, and that this case should therefore be dismissed only if the disclosures occur. *See id.*; Doc. #1281 at 12-18.

The Court must address two questions. First, should it grant the Government's motion to dismiss the charges against Defendant Augustiniak with prejudice? Second, if the Court grants the motion, should it order the Government to disclose the protected materials to Defendant Augustiniak or to state prosecutors?

## I.   The Government's Motion To Dismiss.

Defendants seldom oppose the Government's motion to dismiss criminal charges against them, and they virtually never oppose the Government's motion to dismiss those charges with prejudice. A dismissal with prejudice will end this case. Defendant

1   Augustiniak will prevail.  The Federal Government will never again be able to prosecute him

2   for the charges in the second superceding indictment.  It is highly unusual for a defendant to

3   oppose such a resolution.  As noted, Defendant Augustiniak opposes the dismissal only if he

4   will be denied access to the disclosures that will be made if this case proceeds to trial.

5        The Government seeks dismissal under Rule 48(a) of the Federal Rules of Criminal

6   Procedure.  That rule provides that "[t]he government may, with leave of court, dismiss an

7   indictment, information, or complaint.  The government may not dismiss the prosecution

8   during trial without the defendant's consent."  This rule makes clear that the Government

9   may dismiss charges before trial and without a defendant's consent, but only "with leave of

10  court."

11       Rule 48(a) constitutes a limited check on the Executive Branch's otherwise substantial

12  discretion in deciding when, where, and how to prosecute defendants.  "The Executive

13  remains the absolute judge of whether a prosecution should be initiated and the first and

14  presumptively the best judge of whether a pending prosecution should be terminated.  The

15  exercise of its discretion with respect to the termination of pending prosecutions should not

16  be judicially disturbed unless truly contrary to manifest public interest."  *United States v.*

17  *Cowan*, 524 F.2d 504, 513 (5th Cir. 1975).  As the Ninth Circuit has explained, "[w]hen the

18  government moves to dismiss counts in an indictment, the district court has limited discretion

19  to deny the motion.  The limitation on its discretion is based on separation of powers."

20  *United States v. Garcia-Valenzuela*, 232 F.3d 1003, 1007 (9th Cir. 2000); *see United States*

21  *v. Gonzalez*, 58 F.3d 459, 462 (9th Cir. 1995) ("Separation-of-powers concerns generally

22  require a district court to defer to the government's decision to seek a dismissal of a criminal

23  charge because a denial of the motion would represent an intrusion upon prosecutorial

24  prerogative.") (citing *United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988)).

25       Thus, a district court may deny the Government's motion to dismiss under Rule 48(a)

26  only if dismissal would be "clearly contrary to the public interest" or if "the dismissal would

27  contribute to prosecutorial harassment by subjecting a defendant to 'charging, dismissing,

28  and recharging.'"  *United States v. Wallace*, 848 F.2d 1464, 1468 (9th Cir. 1988) (quoting

1   *Rinaldi v. United States*, 434 U.S. 22, 29 n.15. (1977)). "A fundamental consideration in

2   assessing the propriety of a prosecutor's dismissal motion is whether the motion is made in

3   'good faith.'" *Id.*; *see Garcia-Valenzuela*, 232 F.3d at 1008 (Government's good faith is "of

4   fundamental importance in deciding whether to grant leave of court under Rule 48(a)")

5   (citing *Wallace*, 848 F.2d at 1468). Here, the kind of prosecutorial harassment addressed in

6   *Wallace* is not present – dismissal with prejudice will prevent the Federal Government from

7   recharging Defendant Augustiniak. The issues to be addressed in resolving this Rule 48(a)

8   motion, therefore, are whether the motion is clearly contrary to public interest or made in bad

9   faith.

10      The Government may not seek a Rule 48(a) dismissal with conclusory assertions of

11   public interest and good faith. "'Although the burden is not on the prosecutor to prove that

12   dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient

13   reasons – reasons that constitute more than a mere conclusory interest.'" *United States v.

14   Welborn*, 849 F.2d 980, 983 (5th Cir. 1988) (quoting *United States v. Salinas*, 693 F.2d 348,

15   351 (5th Cir. 1982)). At the same time, if the prosecutor explains his reasons for dismissal,

16   the Court is not free to deny dismissal "merely because [its] conception of the public interest

17   differs from that of the prosecuting attorney. The question is not what the judge would do

18   if he were the prosecuting attorney, but whether he can say that the action of the prosecuting

19   attorney is such a departure from sound prosecutorial principle as to mark it an abuse of

20   prosecutorial discretion." *United States v. Ammidown*, 497 F.2d 615, 623 (D.C. Cir. 1974).

21   Moreover, in seeking dismissal under Rule 48(a) the Government is entitled to a

22   "presumption of good faith." *Welborn*, 849 F.2d at 984; *see Garcia-Valenzuela*, 232 F.3d

23   at 1007 (stating that "the presumption of regularity supports . . . prosecutorial decisions")

24   (quoting *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

25      Referring to information learned by the prosecuting attorneys on January 3, 2006 that

26   would need to be disclosed in this case (*see* Doc. #1027), the Government initially provided

27   the following explanation for its decision to dismiss the charges against Defendant

28   Augustiniak and others:

Subsequent to the events of January 3, 2006, the United States needed to review additional discovery to determine its nature and relevance to this case. Upon completion of that task, additional decisions needed to be made regarding the treatment of this new material. Additionally, a dispute arose between the case agent and the United States regarding the potential discovery. After reevaluation of the case, the United States made new plea offers to most of the defendants in this case. A substantial number of defendants accepted plea offers and pled guilty. The United States then evaluated its case against the remaining defendants, and decided to dismiss counts against five of those defendants. If this Court feels it needs additional reasons why the United States dismissed counts against defendant AUGUSTINIAK, the United States respectfully requests that it be allowed to submit such reasons *in camera* to avoid prejudice to the government and to preserve witness safety.

Doc. #1292 at 3.

Finding this explanation to be lacking in detail, the Court asked counsel for the Government, at a February 28, 2006 hearing, to provide additional information. Counsel stated that he could not explain in public the specific reasons for seeking to dismiss the charges against Defendant Augustiniak. The Court therefore permitted the Government to make an *in camera* submission, but cautioned the Government that any non-confidential information contained in the submission would be subject to public disclosure by order of the Court.[1] Courts have held that the Government may submit information supporting a Rule 48(a) motion *in camera* if necessary to avoid prejudice to the Government. *See Ammidown*, 497 F.2d at 620 n.10 (citing *United States v. Shannahan,* 168 F. Supp. 225, 229 (S.D. Ind. 1958); *United States v. Doe*, 101 F. Supp. 609, 611 (D. Conn. 1951)).

On March 2, 2006, the Government filed an *in camera* memorandum of reasons for dismissal. *See* Doc. #1300 (public notice of filing). Defendant Augustiniak objects to the Court's consideration of *in camera* information, arguing that any justification for the dismissal should be aired in public and subject to scrutiny by the defense. Doc. #1299. The Court believes that matters of importance to defendants should be decided in private only in the rarest of circumstances, *see, e.g.,* Doc. #125 at 3, but the Court also recognizes that prosecutorial decisions, including decisions about when to terminate a case, may at times be

---

[1] The Court has in the past required public disclosure of *in camera* material when it has found that the Government submitted information that should have been filed publicly. *See* Docs. ##845, 868 ¶ 3.

based on sensitive, non-public information.  If prosecutors could not explain such decisions *in camera*, they would be forced to choose between disclosing their confidential information publicly or having their Rule 48(a) motion denied for failure to provide sufficient reasons. Such a Hobson's choice would intrude on the province of the Executive Branch, forcing it either to breach prosecutorial confidences or lose its prosecutorial discretion to terminate a case.  The Court concludes that it cannot, consistent with separation of powers principles, put the Government to such a choice when legitimately sensitive information is involved.  The circumstances for *in camera* submissions should be rare, but such submissions should be permitted when a public explanation of the prosecutor's reasons for dismissal would require disclosure of information legitimately kept confidential.[2]

The Court recognizes, of course, that it assumes a heavy burden when reviewing information *in camera*.  The Court must seek to protect the interests of Defendant without hearing from him or receiving his response to the Government's submission.  *See United States v. Ordonez*, 737 F.2d 793, 809 (9th Cir. 1984).  The Court must be particularly careful in such circumstances to hold the Government to its obligations under the law.

The Court has reviewed the Government's four-page *in camera* submission with care, and reaches the following specific conclusions: (1) the information discussed in the submission is sensitive, confidential, and legitimately kept confidential; (2) the submission does not contain information that could be shared publicly without compromising the legitimate interests the Government seeks to protect; (3) the submission explains why the Government seeks to dismiss the case against Defendant Augustiniak; (4) the Government's explanation is credible – the Court concludes that the Government is providing a truthful

---

[2] In addition to *Ammidown* and the other cases cited above which hold that a court may consider the Government's Rule 48(a) explanation *in camera*, the Court notes that *in camera* review of information is permitted in other contexts where public disclosure of the Government's reasons for a request would defeat the very interest the Government seeks to protect.  For example, *in camera* inspection of information is permitted when ruling on the Government's request for a protective order, *see* Fed. R. Crim P. 16(d)(1), and when deciding whether material must be disclosed by the Government under *Brady v. Maryland*, 373 U.S. 83 (1963), *see United States v. Blanco*, 392 F.3d 382, 394 (9th Cir. 2004).

explanation of its reasons for seeking dismissal; (5) dismissal is not being sought to obtain an unfair advantage in this case or to prejudice Defendant Augustiniak; (6) dismissal is not being sought for the purpose of moving Defendant Augustiniak to state court – the Government's reasons relate entirely to considerations in the federal case; (7) the reasons for dismissal are not directly related to the kidnapping and murder charges against Defendant Augustiniak or the evidence related to those charges; (8) the reasons for dismissal fall within the range of considerations appropriately taken into account in making prosecutorial decisions; (9) the reasons for the decision are not contrary to the public interest; and (10) the Government is not acting in bad faith.[3]

Given these findings, the Court concludes that the Government's Rule 48(a) motion must be granted.  When prosecutors act in good faith and in a manner not clearly contrary to the public interest, courts may not interfere with their prosecutorial discretion by denying a motion to dismiss.  Rule 48(a) was not "intended to confer on the Judiciary the power and authority to usurp or interfere with the good faith exercise of the Executive power to take care that the laws are faithfully executed."  *Cowan*, 524 F.2d at 513.

The Court will grant the Government's motion.  The counts against Defendant Augustiniak will be dismissed with prejudice.

**II.   Disclosure of the Protected Information.**

As noted above, the Court previously granted protective orders under Rule 16(d)(1) of the Federal Rules of Criminal Procedure.  In granting these orders, the Court concluded that the Government had established legitimate reasons for withholding information from Defendants.  Docs. ##842, 1074, 1284 (sealed orders).  Defendant Augustiniak in effect asks the Court to lift these protective orders and require immediate disclosure of the protected information to avoid prejudice in the state case.  The parties have cited no authority directly on point, and the Court has found none.

---

[3] The Court will set forth the factual basis for these conclusions in a separate sealed order that will be available for review on appeal.

1    Analogous authority is, however, available.  The Supreme Court has addressed the

2    decision a district court must make when the Government seeks to withhold the identity of

3    a confidential informant and the defendant seeks the identity to prepare for trial.  The Court

4    has explained that "[t]he problem is one that calls for balancing the public interest in

5    protecting the flow of information [through confidential informants] against the individual's

6    right to prepare his defense."  *Roviaro v. United States*, 353 U.S. 53, 62 (1957).  The Ninth

7    Circuit has recognized this same balancing requirement.  *See United States v. Wong*, 886

8    F.2d 252, 255 (9th Cir. 1989) (balancing required); *United States v. Hernandez-Berceda*, 572

9    F.2d 680, 683 (9th Cir. 1978) ("The decision whether to reveal the identity of an informant

10   requires careful balancing of the defendant's interest in preparing his defense with the

11   government's interest in protecting the safety of an informant.").  These cases are not directly

12   on point, but they address an issue analogous to the question before the Court:  whether to

13   lift protective orders and require disclosure of protected information.  The Court will follow

14   their lead and balance the interests identified by Defendant Augustiniak against the

15   Government interests that justified entry of the protective orders in the first place.

16   **A.    Arrival of Disclosure Dates.**

17   At hearings related to the Government's motion to dismiss, several Defendants argued

18   that disclosure should be required because the February 24 disclosure deadline has arrived

19   and the March 10 deadline will arrive shortly.  The Court set these deadlines, however, in

20   anticipation of an April 25 trial.  The Court concluded that the protected information should

21   be disclosed before trial, a conclusion the Government did not dispute, and therefore

22   established dates for disclosure.  The Government had variously suggested that disclosures

23   should occur seven days before trial, two weeks before trial, and six weeks before trial, but

24   because of the complexity of this case and the volume of materials to be disclosed the Court

25   determined that disclosures should be made on February 24 and March 10, 2006.  *See*

26   Doc. #1012 ¶ 9.

27   These deadlines were not set because the Court concluded that the Government's

28   legitimate reasons for withholding the information would cease to exist on those dates.

1   Rather, the Court concluded that disclosure by these dates was necessary if Defendants were
2   to be ready for trial by April 25, 2006. *Id.* If for some unexpected reason the trial date had
3   been continued, these dates would also have been continued.

4          As of the date of this order, the Government's legitimate reasons for withholding the
5   information remain in place. Trial, however, no longer is necessary. Thus, the reason for
6   requiring disclosure on February 24 and March 10 no longer exists and Defendant
7   Augustiniak is not entitled to discovery of the protected information merely because the
8   deadlines have arrived. Stated in terms of balancing, arrival of the disclosure dates does not
9   outweigh the legitimate reasons the Court previously found for entering the protective orders.

10         **B.      Disclosure Previously Has Been Ordered.**

11         In a related argument, Defendant Augustiniak and others have asserted that disclosure
12  should be required because it previously has been ordered by the Court. As noted above,
13  however, the Court ordered disclosure for the sole reason of enabling Defendants to prepare
14  for trial. Because the charges against Defendant Augustiniak will be dismissed with
15  prejudice, there will be no trial in this case. Defendant Augustiniak no longer needs the
16  discovery to defend against the federal charges. Thus, the reason for the Court's previous
17  order of disclosure no longer exists and that order cannot be said to outweigh the legitimate
18  Government interests recognized in the protective orders.

19         **C.      Avoiding Prejudice in the State Case.**

20         The primary reason Defendant Augustiniak asserts for lifting the protective orders is
21  to avoid prejudice in the state case. He claims that the protected information is essential to
22  his state defense, will not be available in state court, and therefore must be disclosed now.
23  *See* Docs. ##1281 at 12-18, 1299 at 5-8.

24         Defendant cites no authority for the proposition that a federal court may order the
25  Executive Branch to disclose confidential information not required for a federal case, but
26  required to avoid unfairness in a state case. He does argue that the "leave of court"
27  requirement in Rule 48(a) empowers the Court to place conditions on the Government's
28  dismissal of charges against him, including the condition that disclosures be made.

1    Assuming Rule 48(a) grants such power, the Court will decide whether to exercise that power
2    by balancing the interests and arguments made by Defendant Augustiniak against the
3    Government interests recognized in the protective orders.   Several considerations are
4    relevant.

5        First, Defendant Augustiniak asserts that all of the information covered by the Court's
6    protective orders will be relevant to his state case.   This is too broad an assertion.   As
7    Defendant knows from the discovery matrix created in this case, most of the information
8    covered by the protective orders constitutes impeachment material related to confidential
9    informants identified by the Government as CI-376, CI-604, and CI-790.   *See* Docs. ##743,
10   855.   Impeachment material related to these informants will be relevant in the state case only
11   if they testify at trial.   *See United States v. Williams*, 954 F.2d 668, 672 (11th Cir. 1992)
12   ("The law is clearly established that one may not introduce evidence to impeach a witness
13   who does not testify."); *State v. Smyers*, 86 P.3d 370, 374 ¶ 15 (Ariz. 2004) (holding that the
14   defendant's decision not to testify at trial precluded him from challenging on appeal a pretrial
15   ruling admitting impeachment material if the defendant testified).   At this point, the Court
16   does not know who may be called to testify in the state case.   Defendant Augustiniak claims
17   that one of the informants, identified by Defendants as Michael Kramer, will surely be called
18   to testify because he is the only available witness to the Garcia murder.   Even if this
19   argument is correct, it does not mean that protected information unrelated to Michael Kramer
20   should be disclosed.   Protected information unrelated to Kramer may or may not be relevant
21   in the state case, and the Court cannot conclude that the mere possibility of its relevance
22   outweighs the Government's concrete interest in its protection.

23       Second, to the extent information covered by the protective orders is relevant to his
24   state defense – such as impeachment information about Michael Kramer – Defendant
25   Augustiniak contends that he will not have access to it through the state court.   Again, this
26   is too broad an assertion.   The Due Process Clause and *Brady v. Maryland*, 373 U.S. 83
27   (1963), apply as fully in state court as they do in this Court.   *See State v. Superior Ct.*
28   *(Roper)*, 836 P.2d 445, 451 (Ariz. Ct. App. 1992) ("[L]imitation of discovery is subject to

the Supreme Court's decision in *Brady v. Maryland*, . . . which established that the due process clauses of the Fifth and Fourteenth Amendments give a defendant the right of access to any evidence favorable to the defense and material to either guilt or punishment."). Impeachment information regarding prosecution witnesses must be disclosed in state court. *See id.* at 452 ("'Impeachment evidence . . . falls within the *Brady* rule.'") (citing *United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150 (1972)). Defendant Augustiniak's counsel has made a substantial and thorough record of the information withheld by the Government in this case that might relate to witnesses called to testify in the state court. Defendant's state court counsel will seek disclosure of such information. Moreover, as Defendant Augustiniak's counsel explained during the February 28, 2006 hearing, several Arizona law enforcement officers have participated in the federal investigation and prosecution of Defendant Augustiniak, including Messrs. Dunn, Hoffman, and Scofield. The converse also is true; federal officers have worked on the investigation and charges that will be at issue in the state case. Arizona courts have held that the state must disclose not only information in the possession and control of members of the prosecutor's staff, but also within the possession or control of any other persons who have participated in the investigation or evaluation of the case. *See State v. Meza*, 50 P.3d 407, 412 (Ariz. 2003); *see also* Ariz. R. Crim. P. 15.1(d). To the extent the state seeks to use DNA evidence in its case against Defendant Augustiniak, the Court is confident Defendant will receive access to all DNA-related information. As his counsel has noted, much if not all of the DNA work in this case has been done by state authorities.

Third, and more fundamentally, it is not the place of this Court to decide what information should or should not be available in the state case. Arizona is a separate sovereign with independent authority to prosecute Defendant Augustiniak for the murder of Cynthia Garcia. "[I]n our federal system the State and Federal Governments have legitimate, but not necessarily identical, interests in the prosecution of a person for acts made criminal under the laws of both." *Rinaldi*, 434 U.S. at 28. Arizona has full authority to prosecute Defendant, and possesses that authority regardless of the outcome of this case. This Court

1   has no jurisdiction over the state case. A Maricopa County Superior Court judge will preside
2   over Defendant's trial and will be vested with authority to address Defendant's discovery
3   requests and ensure Defendant receives due process of law. This Court will not presume that
4   the state somehow will fall short of due process.

5         Fourth, as noted above, the Court does not find that the Government is acting in bad
6   faith or contrary to public interest in dismissing the charges against Defendant Augustiniak.
7   Defendant has suggested that the dismissal is part of a collusive effort between the state and
8   federal governments to deny him access to exculpatory information, but nothing the Court
9   has seen, including the *in camera* submission, supports such a conclusion. If the Court
10  thought the dismissal was being made to prejudice defendant and deny him access to
11  exculpatory information, this would be a different analysis. But the Court is satisfied that
12  the Government has legitimate prosecutorial reasons for seeking dismissal, reasons arising
13  in the federal racketeering case, not from the kidnapping and murder charges against
14  Defendant Augustiniak.

15        In light of these considerations, the Court concludes that the interests identified by
16  Defendant Augustiniak as justifying disclosure of the protected information are either overly
17  broad or incorrect, and do not outweigh the legitimate Government interests previously
18  recognized in the protective orders. This particularly is true when consideration is given to
19  the Constitutional separation of powers and the proper place of this Court in our federal-state
20  system.   Requiring the Government to disclose the protected information directly to
21  Defendant would defeat legitimate interests previously protected by the Court. Requiring
22  the Government to produce the information to state prosecutors would potentially
23  compromise those same interests, and would in any event deprive attorneys of the Executive
24  Branch of control over sensitive information the Court has found worthy of protection.

25        In sum, balancing the interests of Defendant against the interests of the Government
26  in preserving the protective orders, the Court will not require production of the protected
27  information.  This racketeering case has been resolved.  All charges against Defendant
28  Augustiniak have been dismissed with prejudice.  Disclosure of information in the

1    Government's possession no longer is required for this trial, and the legitimate reasons for

2    the Court's previous protective orders remain in place.  The Court does not find that the

3    Government is acting in bad faith or contrary to the public interest.  Defendant Augustiniak

4    will be entitled to the full protections of the law in state court, including disclosures

5    mandated by the Constitution and Arizona law.  This Court has no authority over the state

6    case and will not presume that Arizona will fall short in according Defendant due process of

7    law.

8    **III.    Other Matters.**

9           As previously ordered, the Government shall update all of its discovery notices so

10   Defendant has a complete record of all information identified and withheld under the Court's

11   protective orders.  *See* Doc. #1280.  These updates shall be completed on or before March 24,

12   2006.

13          Attorneys for the Government are directed to retain copies of all information subject

14   to the Court's protective orders and identified in their updated notices to Defendants for a

15   period of three years from the date of this order.  Such retention will ensure that the

16   information does not become unavailable through destruction or misplacement.

17          The Court notes that counsel for Defendant Augustiniak in this case, Patricia Gitre,

18   has been particularly effective and professional in his defense.  Although the Court

19   understands that Ms. Gitre does not presently practice in state court, and although this Court

20   has no role in the state court's selection of counsel to represent Defendant Augustiniak in the

21   state proceeding, the Court does note that her continuing involvement in that case would be

22   beneficial to both Defendant Augustiniak and the state court.

23           If Ms. Gitre is not appointed to represent Defendant Augustiniak in state court, this

24   Court will authorize her to incur an additional 100 hours of time in transitioning this case to

25   state counsel.  The court will authorize a comparable amount of time for her paralegals and

26   investigators, if not appointed in the state action, to transition their information to state

27   paralegals and investigators.

28   / / /

**IT IS ORDERED:**

1.      The Government's motion to dismiss counts (Doc. #1276) is **granted** with respect to Defendant Kevin Augustiniak.  All counts alleged against Defendant Augustiniak are **dismissed with prejudice**.

2.      The Government shall update all of its discovery notices so Defendants have a complete record of all information identified and withheld under the Court's protective orders.  *See* Doc. #1280.  These updates shall be completed on or before **March 24, 2006**.

3.      Attorneys for the Government are directed to retain copies of all information subject to the Court's protective orders and identified in their updated notices to Defendants for a period of three years from the date of this order.

4.      If Ms. Gitre is not appointed to represent Defendant Augustiniak in state court, she is authorized to incur another 100 hours of time in transitioning this case to state counsel. A comparable amount of time is authorized for her paralegals and investigators, if not appointed in the state action, to transition their information to state paralegals and investigators.

DATED this 8th day of March, 2006.

David G. Campbell
United States District Judge